IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 07 2023
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

CITY OF LITTLE ROCK, ARKANSAS

Plaintiff

v.                                  Case No.: 4:23-cv-831-BRW

MARQUETTE TRANSPORTATION
COMPANY GULF-INLAND, LLC.;
MARQUETTE TRANSPORTATION
COMPANY HOLDINGS, LLC.;
MARQUETTE TRANSPORTATION
COMPANY, LLC.;
MARQUETTE TRANSPORTATION
HOLDINGS, INC.;
MARQUETTE TRANSPORTATION
COMPANY OFFSHORE, LLC.; and
MARQUETTE TRANSPORTATION
FINANCE CORPORATION.

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Ervin**

Defendants

## COMPLAINT

The City of Little Rock, Arkansas, by and through undersigned counsel, for its Complaint against Marquette Transportation Company Gulf-Inland, LLC. et al, states as follows:

### PARTIES

1. Defendants Marquette Transportation Company Gulf-Inland, LLC., Marquette Transportation Company Holdings, LLC., Marquette Transportation Company, LLC., Marquette Transportation Holdings, Inc., Marquette Transportation Company Offshore, LLC.,

and Marquette Transportation Finance Corporation are all corporations duly organized and existing under Delaware law. At all pertinent times said Defendants did business in the State of Arkansas and availed themselves of the navigable waterways within the State of Arkansas.

2. The City of Little Rock, Arkansas is a municipal corporation duly organized and existing under Arkansas Law as a political subdivision of the State of Arkansas.

## JURISDICTION AND VENUE

3. The claim in this case involves property damage and related damages occurring to the Clinton Bridge, Damage Protection Cell, Barge, and related structures and equipment owned by the City as a result of an allision in navigable waters.

4. The claim in this case constitutes an "admiralty or maritime claim" for purposes of the Federal Rules of Civil Procedure and the Supplemental Rules of Certain Admiralty and Maritime Claims.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

6. Venue is proper in this Court pursuant to Federal Rule of Civil Procedure 82.

7. This Court has personal jurisdiction over the Defendants as Defendants were and are engaged in the business of the transportation of goods by motor vessel on the navigable waters of the United States, including the Arkansas River.

## CLAIM FOR RELIEF

8. Plaintiff re-alleges paragraphs 1 through 7 and incorporates them by reference.

9. On or about September 10, 2020 the City of Little Rock was notified of damage to a protection cell on the upstream side of the Clinton Pedestrian Bridge caused by a towed barge striking a protection cell on the upstream side of the Clinton Pedestrian Bridge.

10. The Clinton Pedestrian Bridge spans the Arkansas River which is in fact a navigable waterway of the United States.

11. The protection cell was struck by a barge being towed by a motor vessel named "Kieffer E. Bailey".

12. Upon information and belief M/V Keiffer E. Bailey, at the time of the allision, was owned and operated by the Defendants out of Jefferson, Louisiana.

13. As a proximate result of the above allision, the Clinton Pedestrian Bridge related structures were damaged and the City of Little Rock has been and will be made to incur repair and replacement expenses, lost time for personnel, and other damages.

14. The allision and subsequent damages resulting from the September 10, 2020 event were both presumptively and in fact caused wholly by and due solely to the fault and negligence of Defendants and their vessel, the M/V Keiffer E. Bailey, her captain, pilot and crew (all employed by or under the control of the Defendants) as follows:

   a. The M/V Keiffer E. Bailey was unseaworthy;

   b. The pilot and crew failed to maintain a proper lookout;

   c. The pilot and crew failed to use a helper boat for the passage;

   d. The M/V Keiffer E. Bailey was crewed with incompetent personnel who were inattentive to their duties;

  e. The M/V Keiffer E. Bailey maneuvered in a negligent manner under the circumstances, and failed to avoid the allision;

  f. The M/V Keiffer E. Bailey was operated in an unseamanlike manner;

  g. The pilot and crew failed to exercise due care under all the circumstances then in existence; and

  h. The M/V Keiffer E. Bailey failed to navigate within the prescribed channel limits.

15. The negligence of Defendants and its employees was the proximate cause of the allision and resulting damages, which is estimated to be over one million dollars.

16. As a result of the allision, the City of Little Rock has sustained damages including, but not limited to, amounts incurred and to be incurred for repair and replacement, lost personnel time, and various other expenses as will be borne out by the evidence.

WHEREFORE, the City of Little Rock, Arkansas respectfully requests that the Court enter judgment against the Defendants in such amount as will fairly and reasonably compensate the City for it damages, plus interest, and for the costs of this action.

Respectfully submitted,

City of Little Rock, Arkansas
By: Thomas M. Carpenter
City Attorney

/s/ Thomas M. Carpenter
Thomas M. Carpenter
Ark. Bar No. 77024
City Attorney
500 West Markham, Suite 310
Little Rock, Arkansas 72201
Phone: (501) 371-4527
Email: tcarpenter@littlerock.gov
*Lead Attorney for Plaintiff*

/s/ Alan W. Jones
Alan W. Jones
Ark. Bar No. 2016141
Deputy City Attorney
500 West Markham, Suite 310
Little Rock, Arkansas 72201
Phone: (501) 371-4527
Email: awjones@littlerock.gov
*Attorney for Plaintiff*