# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CITY OF LITTLE ROCK, ARKANSAS**                                              **PLAINTIFF**

**v.**                               **CASE NO. 4:23-CV-00831-BSM**

**MARQUETTE TRANSPORTATION
COMPANY GULF-INLAND, LLC,** *et al.*                          **DEFENDANTS**

## ORDER

The City of Little Rock's motion for summary judgment [Doc. No. 58] is denied, and

defendants' motion for summary judgment [Doc. No. 67] is denied.

## I. BACKGROUND

The Kieffer E. Bailey, a towboat owned and operated by defendants, was pushing

eleven barges on the Arkansas River when the lead barge allided with the I-30 Bridge's

protection cell. *See* Plf.'s Br. Supp. Mot. Summ. J. (Plf.'s Brief) at 1, Doc. No. 59; Defs.'

Br. Supp. Mot. Summ. J. (Defs.' Brief) at 1, Doc. No. 68. An allision occurs when a moving

vessel strikes a stationary object. *Id.* A protection cell is a structure that shields the support

pillars of a bridge from allision-impacts. *Id.* After the impact, the barges separated from the

Bailey, floated downriver, and allided with one of the Clinton Pedestrian Bridge's protection

cells. *Id.* The force of the impacts, the causes and circumstances surrounding them, and the

extent of the resulting damage to the Clinton Bridge's protection cell are heavily disputed.

The City of Little Rock, which owns the Clinton Bridge, claims the allision completely

destroyed the Clinton Bridge's protection cell and is suing defendants for negligence, seeking

$6,542,195 in damages to install a replacement, along with prejudgment interest. Plf.'s Brief

at 28–9.

Defendants are moving for summary judgment on all claims and Little Rock is moving for summary judgment on its negligence claim. Both motions are denied because there are material factual disputes that warrant a trial.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Maritime negligence cases are similar to common law tort claims. To prevail, Little Rock must show by a preponderance of the evidence that defendants owed it a duty; defendants breached that duty; and it suffered damages because of the breach. *Dakota, Minnesota & Eastern R.R. Corp. v. Ingram Barge Co.*, 918 F.3d 967, 971 (8th Cir. 2019). Moving vessels owe stationary objects a duty to use reasonable care under the circumstances,

and common sense compels the presumption that drifting barges do not usually strike stationary objects unless they were mishandled. *Id.* Liability for such accidents is often determined through a series of presumptions and burden-shifting frameworks, and comparative fault principles apply. *Fisher v. S/Y Neraida*, 508 F.3d 586, 593 (11th Cir. 2007); *Lewis v. Timco, Inc.*, 716 F.2d 1425, 1427–28 (5th Cir. 1983). Summary judgment is rarely granted in maritime negligence cases because the issue of whether a defendant acted reasonably is a question for the trier of fact. *Matter of Graham Offshore Tugs, LLC*, 749 F. Supp. 758, 762 (E.D. Tex. 2024).

    A.    <u>Little Rock's Motion</u>

Little Rock's motion for summary judgment based on the *Oregon* Rule, the Limitation of Liability Act, and causation and damages is denied.

*1. The Oregon Rule*

Little Rock argues that summary judgment is appropriate because defendants have failed to rebut the presumption that they were negligent. *See* Plf.'s Brief at 11. The *Oregon* Rule provides that a defendant is presumptively negligent when its vessel, moving under its own power, allides with a stationary object. *See The Oregon*, 158 U.S. 186, 197 (1985); *Union Pac. R. Co. v. Kirby Inland Marine, Inc. of Mississippi*, 296 F.3d 671, 673 (8th Cir. 2002). Defendants can rebut this presumption by showing that (1) the allision was the fault of the stationary object; (2) the moving vessel acted with reasonable care; or (3) the allision was an unavoidable accident. *Matter of Graham*, 749 F. Supp. 3d at 764.

3

Little Rock's motion is denied because the applicability of the *Oregon* Rule and whether it has been rebutted hinge on the resolution of genuine issues of material fact. This is true because the parties dispute nearly all the circumstances surrounding the accident, including the conditions on the river, the qualifications of the Bailey's crew, the reasonableness of the crew's actions, and the navigability of the river due to construction that was taking place on the I-30 bridge. Whether the rule applies depends on the evidence presented at trial, and depending on the quality of that evidence, a presumption may not be necessary. *See City of Chicago v. M/V Morgan*, 375 F.3d 563, 572 (7th Cir. 2004) (presumptions are designed to fill a factual vacuum, and if the facts are apparent, the need for a presumption disappears); *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Trans.*, 596 F.3d 357, 362 (6th Cir. 2010) (when the parties have introduced evidence to dispel the mysteries that give rise to a presumption of negligence, the *Oregon* Rule has no factual void to fill). If it is determined that the rule applies, whether defendants can rebut it will depend on the strength of the evidence they present.

It should also be noted that success under the *Oregon* Rule does not end the negligence analysis because it only resolves the elements of duty and breach—not causation or percentages of fault assigned to the parties. *Bessemer*, 596 F.3d at 363; *City of Chicago*, 375 F.3d at 572 (the *Oregon* rule is "not a rule of ultimate liability"); *Dakota*, 918 F.3d at 972 ("[T]he application of the *Oregon* Rule . . . is properly limited to the issues of duty and breach."). Little Rock therefore cannot succeed on the merits merely by pointing to defendants' failure to rebut the *Oregon* presumption.

*2. Limitation of Liability Act*

Little Rock also argues that, as a matter of law, defendants cannot limit their liability under the Limitation of Liability Act. *See* Plf.'s Brief at 18. The Limitation of Liability Act allows shipowners to limit their liability for damages if the loss occurs without the owner's "privity or knowledge." *See In re American River Transp. Co.*, 800 F.3d 428, 437 (8th Cir. 2015) (citing 46 U.S.C. § 30505)). "Generally, the determination of whether there is privity or knowledge requires a two-step inquiry: first, whether negligence or unseaworthiness caused the accident; and second, if so, whether the vessel owner was privy to, or had knowledge of, that causative agent." *Id.* The plaintiff has the initial burden of proving negligence or unseaworthiness, and the defendant bears the burden of proving lack of privity of knowledge. *See SCF Waxler Marine, LLC v. M/V ARIS T*, 427 F. Supp. 3d 728, 774 (E.D. Lo. 2019).

The motion is denied because Little Rock has not established negligence or unseaworthiness as a matter of law. *See In re Complaint of Great Lakes Dredge & Dock Co.*, No. 92-C-6754, 1996 WL 210087, at *2 (N.D. Ill. Apr. 26, 1996) ("[A] limitation determination prior to any decision on liability has the improper effect of shifting the burden to the shipowner to disprove liability."). This is true because the parties dispute nearly all of the circumstances surrounding the allisions. Even if Little Rock could show negligence or unseaworthiness as a matter of law, summary judgment is still inappropriate because there are genuine disputes of material fact as to whether defendants were on notice that the Bailey's crew was unfit to navigate the Arkansas River.

### 3. Causation and Damages

To the extent that Little Rock is seeking summary judgment on the issues of causation and damages, its request is denied because there are genuine disputes of fact on each of these elements. Causation is disputed because Little Rock claims the cell was in good condition before it was struck by the Bailey, defendants claim that the allision had nothing to with the damage to the cell because it was already damaged and should have been replaced years before the allision. Damages are also disputed and the measure of damages will depend in part on the credibility of the parties' experts. *See Taylor v. Otter Tail Corp.*, 484 F.3d 1016, 1020 (8th Cir. 2007) (determination of amount of damages left to the fact-finder).

B.      Defendants' Motion

Defendants' motion for summary judgment based on Little Rock's failure to show causation and damages is denied. Defendants claim summary judgment is appropriate because the allision did not cause any damage to the protection cell; rather, it had already been rendered obsolete by environmental wear and tear and lack of maintenance, and Little Rock cannot prove otherwise. *See* Defs.' Mot. Summ. J., Doc. No. 67; Defs.' Brief at 1, 13–16, 24–29. Defendants also argue that, even if Little Rock can show the allision damaged the cell, requiring it to pay for a replacement would result in a windfall to Little Rock because it had depreciated to a worthless state before the accident occurred; the requested damages are therefore unreasonable. *See* Defs.' Brief at 29–38.

Summary judgment is denied because the nature and extent of the damage resulting from the allision, how well the protection cell was maintained, and the cell's condition and

functionality at the time of accident are disputed.  Defendants appear to rest their arguments primarily on allegations that Little Rock did not maintain or inspect the protection cell and that scour, or rapid erosion of sediment, and normal deterioration over time undermined the base-stability and overall condition of the cell long before the accident occurred.   While these arguments are well-taken, Little Rock plans to present evidence contradicting these assertions.  The appropriate amount of damages and apportionment of fault will therefore be determined after the facts and testimony presented at trial have been considered.  Defendants' allegations that Little Rock failed to adequately remediate and engage in the competitive bidding process to timely repair the protection cell after the accident occurred will be considered in making this determination if properly raised at trial.

## IV.  CONCLUSION

For these reasons, Little Rock's motion for summary judgment is denied, and defendants' motion for summary judgment is denied.

IT IS SO ORDERED this 6th day of May, 2026.


_____
UNITED STATES DISTRICT JUDGE