IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CITY OF LITTLE ROCK, ARKANSAS                                                PLAINTIFF

v.                                        CASE NO. 4:23-cv-831-BSM

MARQUETTE TRANSPORTATION
COMPANY GULF-INLAND, LLC, ET AL.                                         DEFENDANTS

## JOINT STIPULATION

Plaintiff, the City of Little Rock, Arkansas ("COLR"), and Defendant, Marquette

Transportation Company Gulf-Inland, LLC acting on its own behalf and behalf of the other named

Marquette entities ("Marquette"), hereby enters the following voluntary Joint Stipulation as to the

legal and factual issues set out below:

1. In connection with the September 10, 2021 allision of the 11-barge tow being navigated by the KIEFFER E. BAILEY ("KEB") with the upriver protection cell to the No. 2 pier of the Clinton Pedestrian Bridge ("the Incident"), Marquette will voluntarily stipulate to liability for negligence and that this  was the proximate cause of the allision under the terms outlined herein.

2. In consideration of Marquette entering the stipulation of liability , COLR agrees that Marquette may limit its liability to COLR to the amount of $5.75M USD (Five Million Seven Hundred Fifty Thousand and Zero One Hundred Dollars), which will serve as a cap on any damage recovery awarded to the Plaintiff; excluding only post-judgment interest accruing 30 days after any judgment becomes final. No payments made by Marquette to other claimants, if any or for attorneys' fees or defense costs shall diminish the maximum recoverable amount available to COLR under this stipulation. The COLR further agrees it is not opposing Marquette's limitation of liability defense pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq*.

3. COLR agrees to dismiss, without prejudice, Marquette Transportation Company Holdings, LLC, Marquette Transportation Company, LLC, Marquette Transportation Holdings, Inc., Marquette Transportation Company Offshore, LLC, Marquette Transportation Finance Corporation, and retain as the only defendant

Marquette Transportation Company Gulf-Inland, LLC. Marquette will not oppose the dismissal without prejudice.

4.  Marquette Transportation Company Gulf-Inland, LLC, stipulates that it is the correct Defendant to respond to the claims made by COLR in this litigation; that it is a named insured on Marquette's Protection and Indemnity insurance package; that it is the owner and operator of the KEB; that the KEB is a scheduled vessel on Marquette's Protection and Indemnity insurance package; and that Marquette Transportation Company Gulf-Inland, LLC, was at all material times in this litigation the employer of the crew aboard the KEB.

5.  COLR and Marquette stipulate the September 10, 2021 allision was the factual cause of the protection cell moving from its original upright orientation to its current orientation.

6.  COLR and Marquette agree that legal and/or proximate causation of COLR's claimed damages in this litigation is fully reserved so as to provide Marquette the full scope of any and all defenses to COLR's damages. Stated more specifically, it is the intent of COLR and Marquette to limit the scope of the disputed factual and legal issues in this case to damages.

7.  COLR and Marquette agree that nothing in this stipulation is intended to reflect a concession by COLR as to the full amount of COLR's damages that COLR would be entitled to recover absent this stipulation. Likewise, Marquette is not conceding that any amount of COLR's damages is recoverable nor is it intending to stipulate that the agreed limitation is otherwise relevant to the recoverability or computation of COLR's damages; aside from providing an aggregate cap as to same.

COLR and Marquette represent they have reached these Stipulations as a voluntary agreement between commercial parties solely for the purpose of reducing the complexity and cost of trial.

COLR and Marquette further agree to submit any further pleadings or proposed orders as necessary to implement the foregoing stipulations.

[Signature Page Follows]

Respectfully Submitted,

MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, MARQUETTE TRANSPORTATION COMPANY HOLDINGS, LLC, MARQUETTE TRANSPORTATION COMPANY, LLC, MARQUETTE TRANSPORTATION HOLDINGS, INC., MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC, AND MARQUETTE TRANSPORTATION FINANCE CORPORATION

BY:     /s/ *John A. Scialdone*
John A. Scialdone (La. Bar No. 21859)
Admitted *Pro Hac Vice*
Katherine W. Halliday (La. Bar No. 39207)
Admitted *Pro Hac Vice*
SCIALDONE LAW FIRM, PLLC
1319 24th Avenue
Gulfport, Mississippi 39501
Telephone: (228) 822-9340
E-mail:  jscialdone@slfirmus.com
E-mail:  khalliday@slfirmus.com

Steven W. Quattlebaum, Ark. Bar No. 84127
Thomas H. Wyatt, Ark. Bar No. 2013273
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
E-Mail: quattlebaum@qgtlaw.com
E-Mail: twyatt@qgtlaw.com

*Attorneys for the Defendants*

3

**COHEN & FREY P.C.**

BY:    /s/ Jeffrey D. Cohen
Jeffrey D. Cohen
Matthew J. Tinnelly (*pro hac vice*)
The Times Building
32 Parking Plaza, Suite 402
Ardmore, PA 19003
Telephone: (215) 609-1110
Facsimile: (215) 609-1117
Jcohen@freightlaw.net
Mtinnelly@freightlaw.net

*Attorneys for Plaintiff*
*City of Little Rock, Arkansas*

4

## CERTIFICATE OF SERVICE

I, Thomas H. Wyatt, hereby certify that on May 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which shall send electronic notification to all counsel of record.